IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER A. DAVIDSON,

        Plaintiff,                     No. 3:10-cv-6284-HZ

      v.

MICHAEL J. ASTRUE, Commissioner        ORDER
of Social Security,

        Defendant.

      Plaintiff Christopher Davidson brought this action seeking review of the Commissioner's decision to deny his applications for disability insurance benefits (DIB) and supplemental security income (SSI). In a September 27, 2011 Opinion & Order, I reversed the Commissioner's decision, concluding that the Administrative Law Judge (ALJ) had improperly rejected plaintiff's treating physician's opinion. I ordered that the case be remanded for an award of benefits to plaintiff. Judgment was entered on September 27, 2011.

      Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28

1 - ORDER

U.S.C. § 2412 (EAJA).  Defendant opposes the motion, arguing that the Commissioner's decision was substantially justified.  For the reasons explained below, I agree with plaintiff and award plaintiff fees in the amount of $4,590.49.

EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  There is no dispute that plaintiff was the prevailing party.  Defendant makes no objection to the amount of fees requested.  The only issue is whether the Commissioner's position was substantially justified.

The burden is on the Commissioner to show that his position was substantially justified.  Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010).  Although "Congress did not intend fee shifting [under EAJA] to be mandatory[,]" "EAJA creates a presumption that fees will be awarded to prevailing parties."  Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995).  However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified."  Kali v. Bowen, 954 F.2d 329, 332 (9th Cir 1988).  To establish that its position was substantially justified, the government must show that the underlying ALJ decision had "a reasonable basis both in law and fact."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).

In this case, the ALJ offered two reasons in support of rejecting treating physician Dr. David Dryland's opinion:  that Dr. Dryland's notes were not in the record and that the opinion was inconsistent with the "totality of the evidence."  In fact, Dr. Dryland's notes were in the record.  And, the law requires the ALJ to be more specific than simply stating that a treating physician's opinion is inconsistent with the "totality of the evidence."  See Sept. 27, 2011 Op. & Ord. at pp. 13-14.  Finally, although defendant argues that the ALJ's reliance on Dr. Adesman's

opinion over Dr. Dryland's opinion was reasonable, I concluded, and expressly stated, that "[i]t was unreasonable for the ALJ to rely on Dr. Adesman's December 10, 2008 chart note as substantial evidence conflicting with Dr. Dryland's opinion." Id. at p. 13. There was no reasonable basis in fact or law for the ALJ's position. The Commissioner's position was not substantially justified.

## CONCLUSION

Plaintiff's application for an award of EAJA fees [#24] is granted. Plaintiff is awarded $4,590.49 in fees.

IT IS SO ORDERED.

Dated this   30th   day of   January  , 2012


/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge